IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Johnny Mack Thacker, | ) | C/A No. 3:12-1830-SB-PJG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| Assistant Solicitor Nicole Simpson; | ) | |
| Assistant Solicitor Justin Williams; | ) | |
| Jeanette W. McBride, *Clerk of Court*; | ) | |
| Anne G. Kelly, *Chief Deputy Clerk of Court*, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Johnny Mack Thacker, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

At the time of the filing, Plaintiff was a detainee at Alvin S. Glenn Detention Center in Columbia, South Carolina.[1] Plaintiff faces state charges of possession of marijuana, and complains that he has had to appear in court nine times, each time to reject the plea offer and request a jury trial. (Compl., ECF No. 1 at 3-7.) He has made a speedy trial motion, which was allegedly ignored. (Id. at 3.) He also complains that all defendants conspired to delay his trial, and for the purpose of causing him to violate the terms of his bond, such

---

[1] Plaintiff has filed a notice of change of address saying that he was released July 13, 2012. (See ECF No. 6.)



that he is now detained.  (Id. at 9.)  He requests monetary damages and other relief.  (Id. at 10.)  The court recommends summary dismissal of this case, as the speedy trial issue is brought improperly, and all defendants enjoy immunity.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon, 574 F.2d at 1151, and a federal district court is

PJG

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff cannot pursue the speedy trial issue in this 42 U.S.C. § 1983 case, as such cases are properly brought not under § 1983, but under 28 U.S.C. § 2241. See United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995); see also Dickerson v. State of La., 816 F.2d 220, 224 (5th Cir. 1987); Barker v. Wingo, 407 U.S. 514 (1972).

PJG

Defendants Assistant Solicitor Nicole Simpson and Assistant Solicitor Justin Williams, as prosecutors, are immune from suit, and the suit against them should thus be dismissed at this stage in the proceedings.  See Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").  Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings.  See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991).  The United States Supreme Court has held that prosecutors, when acting in the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  As Plaintiff's allegations involve only the judicial phase of the criminal process, the case against Defendants Simpson and Williams should be dismissed at this time.

Defendants Jeanette W. McBride and Anne G. Kelly serve as a clerk of court and a deputy clerk of court, respectively.  Specifically, Plaintiff complains that these court employees were responsible for the issuance of a "bogus" bench warrant, and that they failed to provide notice for a scheduled court appearance. (Compl., ECF No. 1 at 9.)

The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as Defendants McBride and Kelly because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial

Page 4 of 6

PJG

adjuncts[.]' " Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); see Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*."); see also Harden v. Bodiford, No. 6:09-2362-HFF-WMC 2009 WL 3417780 (D.S.C. Oct. 21, 2009) (clerk of court where prisoner alleged clerk negligently issued bench warrants); Sykes v. Huggins, 4:08-03937-RBH-TER, 2009 WL 250103 (D.S.C. 2009) (clerk protected by quasi-judicial immunity where prisoner alleges clerk failed to timely process his complaint). As the allegations against Defendants McBride and Kelly specifically involve their official responsibilities including the issuance of a warrant, the case against them should be summarily dismissed.

## RECOMMENDATION

Accordingly, the court recommends that this action be dismissed without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).